IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Alex Pearson, | ) |
|     *Plaintiff,* | ) ) ) ) 21-cv-1521 |
| -*vs*- | ) ) Judge Kendall |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) |
|     *Defendants.* | ) |

**RESPONSE TO DEFENDANTS' MOTION TO REASSIGN CASE UNDER LOCAL RULE 40.4**

Plaintiff Alex Pearson, by counsel, responds to defendants' motion to reassign this case to *Whitfield v. Dart*, 20 C 2956, as related under Local Rule 40.4, dkt. 19, as follows:

1.    Local Rule 40.4 provides that a motion for relatedness should be "filed in the lowest-numbered case of the claimed related set and noticed before the judge assigned to that case." Exhibit 1, Local Rule 40.4 at 1. Consistent with this Rule, defendants filed a motion in *Whitfield* and acknowledged the "*Whitfield* Court has not yet ruled on Defendants' motion as of the filing date of the instant motion." Dkt. 19, Defendants' Motion ¶ 7.

2.    Defendants do not explain in their motion how *Pearson* and *Whitfield* are "susceptible of disposition in a single proceeding," a requirement of Local Rule 40.4(b)(4).

3.    One claim common across all cases is an allegation the restraint at an outlying hospital was excessive and violative of the Due Process Clause. In

*Moore v. Dart*, Case No. 13 C 3276, the district court reviewed this policy applied to a maximum-security detainee hospitalized at Mt. Sinai and Stroger. 2014 WL 7205575, at *1-2 (N.D. Ill. 2014) (Shah, J.). In a memorandum opinion and order denying the Sheriff's motion for summary judgment, the court held the plaintiff presented "a genuine issue of material fact about his shackling in particular …. as to whether the Sheriff's policy, as applied, was excessive (and therefore unconstitutional)." *Id.* at *4.

4. The analysis by the district court in *Moore* suggests whether the restraint of a hospitalized detainee is excessive and therefore unconstitutional turns on the individual facts and circumstances of each plaintiff. Defendants offer no analysis how *Pearson* is susceptible of disposition in a single proceeding with *Whitfield* and the twelve recently reassigned cases.

5. Plaintiff Pearson alleges that he was very sick in April 2020 and hospitalized at Stroger for several days for severe symptoms of coronavirus. Dkt. 1, Complaint ¶¶ 12-13, 15. While at Stroger the plaintiff alleges he was continuously restrained to his bed pursuant to the Sheriff's restraint policy and always under the supervision of armed correctional officers. *Id.* ¶¶ 14, 16-19. The plaintiff alleges the restraints was excessive and violated his rights under the Fourteenth Amendment. *Id.* ¶ 21. At the time the *Pearson* plaintiff filed this action, he was not detained at any jail or correctional facility. *Id.* ¶ 2.

6. The facts and circumstances pertaining to plaintiff Pearson's hospitalization are different compared to *Whitfield* and the related cases. Honorio Perez is the plaintiff in *Perez v. Dart*, Case No. 20 C 4047, a case related to *Whitfield*.

After contracting coronavirus, Mr. Perez was hospitalized at Stroger from April 8 to April 15, 2020. Exhibit 2, Answer to Complaint, ¶¶ 15, 23. The Sheriff's records show Mr. Perez has been a pre-trial detainee since January 17, 2018 and is held under Case No 2018CR0227501 with no bond. Exhibit 3, Sheriff's Booking Card for Perez.

7.  While plaintiff Pearson had a relatively short incarceration, some detainees, like Mr. Perez, have been in the Sheriff's custody with no bond for about three years and presumably have a higher security classification. Moreover, it is reasonable to infer that plaintiff Pearson's physical condition was different from other detainees in the *Whitfield* related set because all individuals experienced different time periods when hospitalized. The physical condition of each plaintiff, the duration of each plaintiff's hospitalization, and the overall security risk of the plaintiff are individualized factors that must be assessed when determining whether the restraint was excessive and therefore unconstitutional. The factual differences here will likely prompt "numerous motions for summary judgment [from the defendants] that involve discrete fact issues" that demonstrates the cases are not susceptible to a resolution in a single proceeding. *Saleh v. Merchant*, 2017 WL 2424229, at *3 (N.D. Ill. 2017) (Tharp, J.).

8.  Indeed, the defendants apparently recognize *Pearson* is distinct from *Whitfield* and the cases related to *Whitfield* because defendants answered the complaint. In *Whitfield* and each case related to *Whitfield*, the defendants filed a Rule 12(b)(6) motion to dismiss. Most motions are pending.

9. Defendants to not satisfy the requirement of Local Rule 40.4(b)(4) because "each individual case relies on a different set of facts, and a finding in one case would not be dispositive of any issues in the other cases." *Donahue v. Elgin Riverboat Resort*, 2004 WL 2495642, at *2 (N.D. Ill. 2004) (Guzman, J.).

10. And because there is no analysis how the cases are susceptible of disposition in a single proceeding, the defendants do not satisfy the criteria set by Local Rule 40.4(b)(4).

It is therefore respectfully requested that the Court deny defendants' motion to reassign, dkt. 19.

    Respectfully submitted,

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*